# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DEIDRE SCOTT )
                                    )
     Plaintiff, )
                                    )
v. )    CIVIL ACTION FILE NO.
                                    )    1:19-CV-04213-JPB-RGV
WELL STATES HEALTHCARE, LLC )
and NATE ORMOND )
                                    )
     Defendants. )

## DEFENDANT WELL STATES HEALTHCARE, LLC'S
## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Well States Healthcare, LLC ("WSHC" or "Defendant") submits its Answer and Defenses to Plaintiff Deidre Scott's ("Plaintiff") First Amended Complaint (the "Amended Complaint") [Dkt. 32] as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted as to this Defendant.

### SECOND DEFENSE

Plaintiff's claims are barred because Plaintiff has not been deprived of any rights, privileges, or immunities secured under the Constitution or laws of the United States or the State of Georgia.

### THIRD DEFENSE

Plaintiff fails to state a claim against this Defendant to the extent that Plaintiff's claims are based upon a theory of respondeat superior.

### FOURTH DEFENSE

All actions taken with regard to Plaintiff were taken for legitimate, non-discriminatory reasons and based upon reasonable, lawful factors.

### FIFTH DEFENSE

To the extent that Plaintiff seeks relief for (a) alleged incidents occurring prior to the applicable limitations period for the filing of an administrative charge of discrimination; and (b) for alleged incidents of discrimination not listed in any charge, her claims for relief are barred.

### SIXTH DEFENSE

To the extent that Plaintiff has failed to exhaust her administrative remedies with respect to this Defendant, her claims for relief are barred.

### SEVENTH DEFENSE

To the extent that Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, her claims for relief are barred.

## EIGHTH DEFENSE

Plaintiff's prayer for relief must fail to the extent that Plaintiff has failed to mitigate her damages as required by law.

## NINTH DEFENSE

Plaintiff is estopped from asserting the claims set forth in the Amended Complaint in that the facts and circumstances which form the basis of Plaintiff's Amended Complaint and the alleged injuries and damages allegedly resulting were brought about by and were the result of Plaintiff's own conduct.

## TENTH DEFENSE

Plaintiff is estopped from recovering on any of her claims to the extent that the facts show that Plaintiff violated the established policies of Defendant WSHC with regard to its employment practices.

## ELEVENTH DEFENSE

The injuries allegedly suffered by Plaintiff were not caused by any action or omission of, or attributable to, this Defendant.

## TWELFTH DEFENSE

Plaintiff's purported claims are barred because at all times this Defendant acted in good faith and did not directly or indirectly commit, control or induce any

wrongful acts or omissions and did no unlawful act or thing directly or indirectly through or by means of any other person.

## THIRTEENTH DEFENSE

This action should be transferred to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404.

## FOURTEENTH DEFENSE

Defendant reserves the right to assert additional affirmative defenses as established by the facts of the case, and responds to the individually numbered paragraphs of Plaintiff's Amended Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Responding to Paragraph 1 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff was employed by WSHC from October 2017 through July 20, 2018 and was assigned to work in Georgia. Responding further, Defendant admits that Plaintiff reported to various employees of WSHC during her employment. Defendant lacks sufficient information to admit or deny the remaining averments of Paragraph 1 of Plaintiff's Amended Complaint and therefore denies same.

2.

Responding to Paragraph 2 of Plaintiff's Complaint, Defendant admits that WSHC is a Utah limited liability company (entity number 9327803-0160). Defendant further admits that WSHC has offices in Utah and Colorado, transacts business within the State of Georgia and other states, and is subject to personal jurisdiction in this judicial district and division. Responding to the remaining averments of Paragraph 2 of Plaintiff's Complaint, Defendant denies Plaintiff's averment that Well States is not registered with the Georgia Secretary of State, does not possess a certificate of authority, and does not have a registered agent in Georgia. WSHC is registered with the Georgia Secretary of State as a foreign limited liability company and may be served through its agent, Registered Agent Solutions, Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076. The remaining averments of Paragraph 2 are denied.

3.

Responding to Paragraph 3 of Plaintiff's Complaint, Defendant admits that Mr. Ormond is President and COO of Defendant WSHC. Defendant denies that Mr. Ormond holds or held an ownership interest in WSHC during or after the period of Plaintiff's employment at WSHC. Defendant admits that Mr. Ormond communicated with Plaintiff about work-related matters while she was in Georgia

and occasionally traveled to Georgia on WSHC business. Defendant denies that Mr. Ormond was directly and personally involved in all the employment decisions and practices that Plaintiff complains of in her Amended Complaint. Defendant lacks sufficient information to admit or deny the remaining averments of Paragraph 3 and therefore denies same.

4.

The averments of Paragraph 4 of Plaintiff's Amended Complaint are not directed against this Defendant and constitute the legal conclusions of the pleader, to which no response is required by Defendant.

5.

The averments of Paragraph 5 of Plaintiff's Amended Complaint constitute the legal conclusions of the pleader, to which no response is required by Defendant. To the extent that a response is required or permitted, Defendant does not dispute that Plaintiff's claims purportedly arise under federal law, but denies any liability to Plaintiff pursuant to the causes of action set forth in the Amended Complaint.

6.

The averments of Paragraph 6 of Plaintiff's Amended Complaint constitute the legal conclusions of the pleader, to which no response is required by Defendant.

To the extent that a response is required or permitted, Defendant admits that it is subject to venue in this Court.

## FACTS RELEVANT TO MS. SCOTT'S CLAIMS

### 7.

Defendant admits the averments of Paragraph 7 of Plaintiff's Amended Complaint.

### 8.

Defendant admits the averments of the first sentence of Paragraph 8 of Plaintiff's Amended Complaint. Responding further, Defendant admits that none of Plaintiff's supervisors were based in Georgia. Defendant admits that Mr. Ormond communicated with Plaintiff about work-related matters while she was in Georgia and occasionally traveled to Georgia on WSHC business.

### 9.

Defendant denies the averments of Paragraph 9 of Plaintiff's Amended Complaint.

### 10.

Upon information and belief, Defendant denies the averments of Paragraph 10 of Plaintiff's Amended Complaint.

11.

Upon information and belief, Defendant denies the averments of Paragraph 11 of Plaintiff's Amended Complaint.

12.

Upon information and belief, Defendant denies the averments of Paragraph 12 of Plaintiff's Amended Complaint.

13.

Responding to Paragraph 13 of Plaintiff's Amended Complaint, Defendant admits only that WSHC has terminated Mr. Green's employment. Defendant denies the remaining averments of Paragraph 13 of Plaintiff's Amended Complaint.

14.

Responding to Paragraph 14 of Plaintiff's Amended Complaint, Defendant admits that WSHC offered Plaintiff verbal and written guidance on multiple occasions in an effort to help her improve her job performance. Defendant further admits that Plaintiff was assigned to Lead Case Manager Sarah Hoff after Mr. Green's termination. Defendant lacks sufficient information to admit or deny Plaintiff's averments regarding Plaintiff's communications with Denise Rasmussen and therefore denies same. Defendant denies the remaining averments of Paragraph

14 of Plaintiff's Amended Complaint and specifically denies that Plaintiff was "berated" by Nate Ormond.

15.

Defendant lacks sufficient information to admit or deny the averments of Paragraph 15 of Plaintiff's Amended Complaint and therefore denies same.

16.

The averments of Paragraph 16 of Plaintiff's Amended Complaint are denied to the extent that the same contradict the statements set forth in Exhibit 1 to Plaintiff's Amended Complaint.

17.

The averments of Paragraph 17 of Plaintiff's Amended Complaint are denied to the extent that the same contradict the statements set forth in Exhibit 2 to Plaintiff's Amended Complaint.

18.

The averments of Paragraph 18 of Plaintiff's Amended Complaint are denied to the extent that the same contradict the statements set forth in Exhibit 2 to Plaintiff's Amended Complaint. Defendant lacks sufficient information to admit or deny the remaining averments of Paragraph 18 of Plaintiff's Amended Complaint and therefore denies same.

19.

Responding to Paragraph 19 of Plaintiff's Amended Complaint, Defendant admits only that on or about April 30, 2018, Plaintiff and Kaywanda Smoot were assigned to Special Account Manager Ann Ormond, who oversaw the entire Atlanta market. Defendant denies the remaining averments of Paragraph 19 of Plaintiff's Amended Complaint.

20.

The averments of Paragraph 20 of Plaintiff's Amended Complaint are denied to the extent that the same contradict the statements set forth in Exhibit 3 to Plaintiff's Amended Complaint.

21.

Responding to Paragraph 21 of Plaintiff's Amended Complaint, Defendant admits that WSHC offered Plaintiff verbal and written guidance on multiple occasions in an effort to help her improve her job performance. Defendant further admits that during Plaintiff's May 11, 2018 performance review, Plaintiff disputed her performance problems, asked for cultural training, and, when told that such training was currently unavailable, suggested that she might seek guidance from the EEOC. Defendant denies the remaining averments of Paragraph 21 of Plaintiff's

Amended Complaint and specifically denies that WSHC or any of its employees ever retaliated or threatened to retaliate against Plaintiff.

22.

Responding to Paragraph 22 of Plaintiff's Amended Complaint, Defendant admits only that Ms. Smoot resigned her employment with WSHC on or about May 15, 2018. Defendant denies the remaining averments of Paragraph 22 of Plaintiff's Amended Complaint.

23.

Responding to Paragraph 23 of Plaintiff's Amended Complaint, Defendant admits that WSHC engaged an attorney to investigate Plaintiff's complaints and that Plaintiff was interviewed in connection with the investigation. Defendant further admits that the investigator found no evidence that Plaintiff had been subjected to racial bias or animus and that on June 28, 2018, Ann Ormond met with Plaintiff to relay the outcome of the investigation. Defendant denies the remaining averments of Paragraph 23 of Plaintiff's Amended Complaint and specifically denies that WSHC or any of its employees retaliated or threatened to retaliate against Plaintiff.

24.

The averments of Paragraph 24 of Plaintiff's Amended Complaint are denied to the extent that the same contradict the statements set forth in Exhibit 4 to

Plaintiff's Amended Complaint. Defendant lacks sufficient information to admit or deny the remaining averments of Paragraph 24 of Plaintiff's Amended Complaint and therefore denies same.

25.

Responding to Paragraph 25 of Plaintiff's Amended Complaint, Defendant admits only that Plaintiff received a Final Written Warning on July 10, 2018, listing a number of specific performance deficiencies, including, but not limited to, undermining team members. Defendant lacks sufficient information to admit or deny the averments of the second sentence of Paragraph 25 of Plaintiff's Amended Complaint and therefore denies same.

26.

The averments of Paragraph 26 of Plaintiff's Amended Complaint are denied to the extent that the same contradict the statements set forth in Exhibit 5 to Plaintiff's Amended Complaint.

27.

Defendant admits the averments of Paragraph 27 of Plaintiff's Amended Complaint.

28.

Responding to Paragraph 28 of Plaintiff's Amended Complaint, Defendant admits only that WSHC posted a job listing online for a Market Manager in the Atlanta area. Defendant denies the averments of Paragraph 28 to the extent the same are intended to suggest an intention to unlawfully retaliate against Plaintiff.

29.

Responding to Paragraph 29 of Plaintiff's Amended Complaint, Defendant admits upon information and belief that Plaintiff emailed Alan MacDonald on or about July 13, 2018. The averments of Paragraph 29 of Plaintiff's Amended Complaint are denied to the extent that the same contradict the statements set forth in that email communication.

30.

Responding to Paragraph 30 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff was terminated on July 20, 2018. Defendant denies the averments of Paragraph 30 of Plaintiff's Amended Complaint to the extent the same are intended to suggest an intention to unlawfully retaliate against Plaintiff.

31.

Responding to Paragraph 31 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff applied for unemployment insurance benefits following her

termination and that WSHC opposed the application. Defendant further admits that Plaintiff was subsequently awarded unemployment benefits. The remaining averments of Paragraph 31 constitute the legal conclusions of the pleader, to which no response is required by Defendant. To the extent that a response is required or permitted, the same are denied.

32.

Responding to Paragraph 32 of Plaintiff's Amended Complaint, Defendant admits that Nate Ormond previously maintained a Twitter account under the handle @nateormond. Defendant denies the remaining averments of Paragraph 32 of Plaintiff's Amended Complaint to the extent that the same contradict the posts cited in Paragraph 32, and further denies that Mr. Ormond's Twitter account has any bearing on Plaintiff's employment with WSHC or any claims asserted in this litigation.

33.

Responding to Paragraph 33 of Plaintiff's Amended Complaint, Defendant admits that Nate Ormond previously maintained a Twitter account under the handle @nateormond. Defendant denies that Mr. Ormond's Twitter account has any bearing on Plaintiff's employment with WSHC or any claims asserted in this litigation.

Defendant lacks sufficient information to admit or deny the averments of the second sentence of Paragraph 33 of Plaintiff's Amended Complaint.

34.

Responding to Paragraph 34 of Plaintiff's Amended Complaint, Defendant admits only that on or about September 17, 2019, Plaintiff's counsel emailed Defendant WSHC's counsel requesting that Mr. Ormond reactivate his Twitter account. Defendant lacks sufficient information to admit or deny the remaining averments of Paragraph 34 of Plaintiff's Amended Complaint.

35.

Defendant lacks sufficient information to admit or deny the averments of Paragraph 35 of Plaintiff's Amended Complaint and therefore denies same.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES APPLICABLE TO TITLE VII CLAIMS

36.

Defendant incorporates by reference each of its responses to the preceding paragraphs as if fully set forth herein.

37.

Defendant lacks sufficient information to admit or deny the averments of Paragraph 37 of Plaintiff's Amended Complaint and therefore denies same.

38.

Defendant lacks sufficient information to admit or deny the averments of Paragraph 38 of Plaintiff's Amended Complaint and therefore denies same.

39.

Defendant lacks sufficient information to admit or deny the averments of Paragraph 39 of Plaintiff's Amended Complaint and therefore denies same.

40.

Defendant lacks sufficient information to admit or deny the averments of Paragraph 40 of Plaintiff's Amended Complaint and therefore denies same.

41.

Defendant lacks sufficient information to admit or deny the averments of Paragraph 41 of Plaintiff's Amended Complaint and therefore denies same.

42.

Defendant lacks sufficient information to admit or deny the averments of Paragraph 42 of Plaintiff's Amended Complaint and therefore denies same.

## COUNT I: RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII (WSHC only)

43.

Defendant incorporates by reference each of its responses to Paragraphs 1 through 42 as if fully set forth herein.

44.

Defendant denies the averments of Paragraph 44 of Plaintiff's Amended Complaint.

45.

Defendant denies the averments of Paragraph 45 of Plaintiff's Amended Complaint.

46.

Defendant denies the averments of Paragraph 46 of Plaintiff's Amended Complaint.

47.

Defendant denies the averments of Paragraph 47 of Plaintiff's Amended Complaint.

## COUNT II: RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981 (WSHC and Nate Ormond)

48.

Defendant incorporates by reference each of its responses to Paragraphs 1 through 47 as if fully set forth herein.

49.

Defendant denies the averments of Paragraph 49 of Plaintiff's Amended Complaint.

50.

Defendant denies the averments of Paragraph 50 of Plaintiff's Amended Complaint.

51.

Defendant denies the averments of Paragraph 51 of Plaintiff's Amended Complaint.

52.

Defendant denies the averments of Paragraph 52 of Plaintiff's Amended Complaint.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII
## (WSHC only)

53.

Defendant incorporates by reference each of its responses to Paragraphs 1 through 52 as if fully set forth herein.

54.

Defendant denies the averments of Paragraph 54 of Plaintiff's Amended Complaint.

55.

Defendant denies the averments of Paragraph 55 of Plaintiff's Amended Complaint.

56.

Defendant denies the averments of Paragraph 56 of Plaintiff's Amended Complaint.

57.

Defendant denies the averments of Paragraph 57 of Plaintiff's Amended Complaint.

58.

Defendant denies the averments of Paragraph 58 of Plaintiff's Amended Complaint.

59.

Defendant denies the averments of Paragraph 59 of Plaintiff's Amended Complaint.

**COUNT IV: RETALIATION IN VIOLATION OF 42 U.S.C. § 1981<br>(WSHC and Nate Ormond)**

60.

Defendant incorporates by reference each of its responses to Paragraphs 1 through 59 as if fully set forth herein.

19

61.

Defendant denies the averments of Paragraph 61 of Plaintiff's Amended Complaint.

62.

Defendant denies the averments of Paragraph 62 of Plaintiff's Amended Complaint.

63.

Defendant denies the averments of Paragraph 63 of Plaintiff's Amended Complaint.

64.

Defendant denies the averments of Paragraph 64 of Plaintiff's Amended Complaint.

65.

Defendant denies the averments of Paragraph 65 of Plaintiff's Amended Complaint.

66.

Defendant denies the averments of Paragraph 66 of Plaintiff's Amended Complaint.

Responding to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any of the relief prayed for therein.

Any averment of Plaintiff's Amended Complaint which has not heretofore been specifically admitted, denied, or otherwise controverted, is hereby denied.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant respectfully requests:

(a) That Plaintiff's Amended Complaint be dismissed;

(b) That Plaintiff take nothing;

(c) That Plaintiff be cast;

(d) That this case be tried by a jury; and

(e) That this Court award Defendant such other and further relief as is just and proper.

Respectfully submitted, this 2nd day of June 2020.

<u>**Joyce Gist Lewis**</u>
Georgia Bar No. 296261
Sada Jacobson Baby
Georgia Bar No. 307214
*Attorneys for Defendants*
KREVOLIN & HORST, LLC
1201 W. Peachtree Street, NW
3250 One Atlantic Center
Atlanta, GA 30309
(404) 888-9700
jlewis@khlawfirm.com
baby@khlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day filed the foregoing ***DEFENDANT WELL STATES HEALTHCARE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT*** by using the Court's CM/ECF filing system which will automatically send service copies to counsel of record as follows:

Jennifer K. Coalson, Esq.
jcoalson@pcwlawfim.com
Dustin L. Crawford, Esq.
dcrawford@pcwlawfirm.com
Parks, Chesin & Walbert, PC
75 Fourteenth Street, Suite 2600
Atlanta, Georgia 30309

This 2nd day of June 2020.

<u>Joyce Gist Lewis</u>
Georgia Bar No. 296261